**Preliminary Expert Report-James Hugh Potts, II Esq.**
**Re: *Wilder v Rockdale County et al***
Civil Action File No. 1:13-CV-2715 RWS

Anish Sheth, MD
465 Christopher Drive
Princeton, NJ 08540

James Hugh Potts II, Esq.
1348 Ponce de Leon Ave
Atlanta, GA 30306
January 27, 2015

**By PDF format – E-mail attachment**

Dear Mr. Potts,

This report is written to comply with Rule 26 of the Federal Rules of Civil Procedure Governing Disclosure as it relates to the case of:

*Wilder v. Rockdale County et al.*
Civil Action File No. 1:13-CV-2715 RWS
In The United States District Court
for The Northern District of Georgia
Atlanta Division

In my capacity as a medical expert, I am attaching the following documentation to this letter:

1. Qualifications (up-to date Curriculum Vitae)
2. List of publications (contained in the Curriculum Vitae)

Listed below are the case materials reviewed on which I base my expert opinions and the conclusions I have drawn and will testify to if required.

Materials reviewed on which my opinions are based:

1. All Discovery regarding decedent's incarceration in September 2012 until his in-custody death in September 2012;
2. Georgia Bureau of Investigation File Regarding Albert Wilder;
3. Albert Wilder's Autopsy Report, Findings and Toxicology Report– Georgia Office of the Medical Examiner # 2012-1020601 dated 11/30/2012;

Preliminary Expert Report-James Hugh Potts, II Esq.
Re: *Wilder v Rockdale County et al*
Civil Action File No. 1:13-CV-2715 RWS

4. Albert Wilder's Medical records;
5. Depositions and Exhibits completed to date, including the following:
6. Deposition of Anne Marie Pierre, LPN;
7. Deposition of Helen Green, LPN;
8. Deposition of Phillip Nowlin, MD;
9. Deposition of Eric Levitt;
10. Deposition of Renee Wilder

The following summarizes my opinions related to key points in Plaintiff's Complaint:

### A. *WILDER failed to receive appropriate, proper and timely medical care and treatment while incarcerated at the Rockdale County Detention Center.*

The medical and nursing care and treatment provided to Mr. Wilder while he was imprisoned at the Rockdale County Jail in September 2012 fell below the standard of care required of nurses and physicians generally under the same or similar circumstances.

### B. *Anne Marie Pierre, LPN; Helen Green, LPN; Phillip Nowlin, MD;*

In my opinion, the LPN's and Dr. Nowlin fell below the required standard of care exercised by nurses and doctors generally under the same or similar circumstances. Furthermore, they were deliberately indifferent to his condition. The facts upon which I base this opinion are contained in pages 15 through 20 of my affidavit.

Regardless of formal medical training it is reasonable to hold that a lay person would recognize a need for medical assessment in an individual with the extensive problems Mr. Wilder was observed to have, on a complaint of intense abdominal pain, vomiting of bloody appearing material, inability to eat, interact with health or security personnel or take medications. Given the overwhelming picture of lack of insight and ability to care for self, failure to assure the decedent's safety with a necessary medical assessment constitutes "deliberate indifference" to his medical needs and resulted in what is more likely than not an entirely preventable death

**C. Documentation of multiple observations (from logs) of the descendent describe an objective serious and deteriorating medical condition that should have been obvious to even an untrained lay person.**

These documented observations include: prolonged periods of crying out in pain, nausea and vomiting, bloody vomitus, followed by unresponsiveness, and cries of pronounced abdominal pain, withdrawal from any meaningful interaction, documented in Jail records and logs, deposition transcripts, interviews, disclosures, the GBI file, etc.  Equally of note the decedent was on a ***"30 minute watch"*** in a medical holding cell in the medical unit signifying that it was recognized that he was at serious "risk", and in spite of this no medical evaluation was sought as his clinical state continued to rapidly decline.

.

**D. Based upon the autopsy finding and what is documented about his condition preceding his death, this man experienced more likely than not, a medically "preventable death" due to failure to seek appropriate medical intervention in spite of serious on-going medical signs and symptoms hat should have been obvious to even an untrained lay person.**

In my medical opinion this represents an entirely "preventable death" based upon the documentation that shows no prior existing medical conditions that might have contributed to his death from a perforated ulcer. No documented "co-morbid" conditions existed that explain his death including: hereditary factors, cancer, major trauma, recent surgery, etc. In essence he died due to a failure to seek medical assessment when he was clinically deteriorating, as a result of a produced the fatal event namely, perforated ulcer. Earlier transfer to an appropriate medical facility would have more likely than not resulted in the necessary interventions and his survival.

Sincerely,

3